**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 25, 2015

LETTER TO COUNSEL

RE:   *Terry Lynne Dailey v. Commissioner, Social Security Administration*;
       Civil No. SAG-14-3821

Dear Counsel:

On December 8, 2014, Plaintiff Terry Lynne Dailey petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1).  I have considered the parties' cross-motions for summary judgment.  (ECF Nos. 13, 16).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny both parties' motions and remand the case to the Commissioner for further consideration.  This letter explains my rationale.

Ms. Dailey applied for benefits on August 5, 2011, originally alleging an onset date of May 22, 2008. (Tr. 146-47).  She subsequently amended her onset date to April, 2011. (Tr. 148).  Her claims were denied initially and on reconsideration.  (Tr. 68-77, 79-89).  A hearing was held on September 25, 2013, before an Administrative Law Judge ("ALJ").  (Tr. 38-67).  Following the hearing, the ALJ determined that Ms. Dailey was not disabled within the meaning of the Social Security Act.  (Tr. 20-36).  The Appeals Council denied Ms. Dailey's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Dailey suffered from the severe impairments of depression, chronic headaches, status post treatment for ovarian cancer and cervical degenerative disc disease.  (Tr. 25).  Despite these impairments, the ALJ determined that Ms. Dailey retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that does not require more than frequent climbing, crawling, crouching, kneeling, stooping, and balancing but is limited to work that is simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks in a work environment free of fast paced production requirements which is defined as constant activity with work tasks performed sequentially in rapid succession; involving only simple-work related decisions; with few, if any, work place changes; and no more than occasional interaction with the general public.

*Terry Lynne Dailey v. Commissioner, Social Security Administration*
Civil No. SAG-14-3821
September 25, 2015
Page 2

(Tr. 28)(footnotes omitted).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Dailey could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 34-35).

On appeal, Ms. Dailey essentially argues that the ALJ failed to support his assignments of weight to the medical sources with substantial evidence.  I concur that the ALJ's assignment of "little weight" to the opinion of Ms. Dailey's treating psychiatrist, Dr. Kutzer, was not adequately supported.  Accordingly, remand is appropriate.  In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Dailey was not entitled to benefits was correct.

Initially, I reject Ms. Dailey's argument that the ALJ erred in assigning "significant weight" to the opinions of the non-examining State agency medical sources.  Pl. Mot. 6.  The law recognizes that State agency medical sources are "highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i).  Although Ms. Dailey sought additional treatment after the dates of the State agency consultants' opinions, their opinions are no less valid simply because they do not incorporate developments that occurred later in time.

However, the ALJ's assessment of Dr. Kutzer's opinion was flawed.  The ALJ first suggests that the opinion is "unpersuasive" because Dr. Kutzer stated, in one form, that Ms. Dailey had suffered from limitations since approximately 2007 and, in another form, that her limitations existed since April, 2011.  (Tr. 32-33).  A basic review of the forms, however, suggests no effort to mislead the reader as to an onset date.  Dr. Kutzer began treating Ms. Dailey in April, 2011, and the other opinion simply reflects an effort to approximate when her symptoms began, without implying personal knowledge of her condition before treatment commenced.  (Tr. 424, 431).  In any event, since Ms. Dailey amended her onset date to April, 2011, any evidence regarding her condition prior to that date is immaterial.  The ALJ further discredits Dr. Kutzer's opinion by stating:  "Little weight is given to this opinion, as it is inconsistent with the medical evidence of record, particularly with his own treatment notes at Exhibit 10F.  The only abnormal findings noted are depressed mood, and tearfulness."  (Tr. 33). In fact, Dr. Kutzer's treatment notes at 10F reflect that Ms. Dailey reported "crying all the time," that she "can sleep all day," and that she has had "little or no improvement on meds."  (Tr. 361). Other notes show that she "can sleep at any time" and "is under a lot of stress."  (Tr. 360). Essentially, the evidence of record, including Dr. Kutzer's treatment notes, does not appear to be particularly inconsistent with Dr. Kutzer's subsequent opinions.  Without further explanation from the ALJ as to the precise inconsistencies he believes to be present, I cannot ascertain whether his opinion is supported by substantial evidence.

For the reasons set forth herein, Ms. Dailey's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

*Terry Lynne Dailey v. Commissioner, Social Security Administration*
Civil No. SAG-14-3821
September 25, 2015
Page 3

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge